# Ann Ziegler's Appeal.

1. The wife of an insolvent debtor claimed as a creditor on the distribution of his assigned estate, basing her claim upon a note executed by her husband in 1874, which was the renewal of one dated in 1850, the consideration of the last named having been money received by the husband prior to 1848 as part of the inheritance of the wife from the estate of her father.  *Held*, that the note was a definite recognition of the wife's right, and there being no evidence that the husband was not solvent at the time it was made the wife was entitled to a pro rata share in the distribution of his assigned estate with subsequent creditors.

2. Moyer's Appeal, 27 P. F. Smith 485, followed.

May 21st 1877.  Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, WOODWARD and STERRETT, JJ.  PAXSON, J., absent.

Appeal from the Court of Common Pleas of *Adams county* :· Of May Term 1877, No. 177.

Appeal by Ann Ziegler from the decree of the court confirming the report of an auditor, who refused to permit her to participate as a creditor in the assigned estate of her husband, David Ziegler, who was insolvent.

In May 1875 David Ziegler executed a deed of voluntary assignment for the benefit of creditors, his wife joining therein.  When the assignee filed his account it was referred to an auditor to distribute the balance in the assignee's hands.  Mrs. Ziegler made claim to a share in the distribution, alleging that her husband's estate was indebted to her in the sum of $2481.35.  This claim was based upon a note for $4481.35, given to her by her husband in 1874, upon which was endorsed a credit of $2000.  This note of $4481.35 was the amount of an obligation, with interest, which David Ziegler gave his wife in 1850, as an acknowledgment of his indebtedness to her in the sum of $1807, money received from his wife's father, Jacob Waybright, in various sums, prior to 1848, and which was an advancement to his daughter, as appeared by the following clause in the will of Waybright, who died in 1850 : " * * * I will and bequeath to my daughter Ann, intermarried with David Ziegler, eleven hundred and ninety-three dollars, together with eighteen hundred and seven dollars already paid to the said David Ziegler ; the said sum of eleven hundred and ninety-three dollars I give to my said daughter, allowing no part or interest therein to be drawn by or to be for the use or benefit of her said husband."

The husband testified that " the note was for money that came

[Ziegler's Appeal.]

to his wife from her father. She let me have it, and I used it. I told her that of course I would pay it back."

.The auditor found that there were no other admissions or declarations of the husband at the time he received the money prior to 1848, and that his evidence above given was unworthy of credence. He was also of opinion, that as the money had been taken possession of by the husband and used as his own, nothing which he could do, after the Act of 1848, could give it back to the wife as against the creditors of the husband, and the notes were of no avail as evidence for any such purpose. Further, that there were no such declarations of the husband at the time of receiving the money that would rebut the presumption of law that the husband had not reduced the money into possession : and he therefore disallowed the wife's claim.

She excepted, but the court, Herman, P. J., confirmed the report, and from this decree this appeal was taken.

*W. A. Duncan*, for appellant.—Conversion of the wife's money by the husband, prior to the Act of 1848, was not reduction into possession ; it is only evidence of it, and may be explained by other evidence negativing the intention that he received it as his own : 2 Kent's Com. 138 ; Gochenaur's Estate, 11 Harris 460 ; Moyer's Appeal, 27 P. F. Smith 482.

The declarations of the husband were proper and satisfactory evidence to rebut the presumption of personal acquisition by him of his wife's money : Moyer's Appeal, 27 P. F. Smith 485 ; Dellinger's Appeal, 21 Id. 425. The auditor infers from the giving of the obligation in 1850 that there had been no definite promise or understanding previous to that ; thus utterly disregarding Moyer's Appeal, as to the mutual confidence arising from the marital relation.

*R. G. McCreary* and *David Wills*, for appellee.—The common law gave to the husband an absolute right to his wife's choses in action, if he reduced them to possession during coverture ; and the receipt of them by him was presumed to be a reduction to possession, which presumption could be overthrown only by proof of a positive, clear, and consistent intention to the contrary, existing at the time of receiving them : Hind's Appeal, 5 Whart. 138. The declarations of the husband must be positive, clear, and consistent with each other : Gray's Estate, 1 Barr 327 ; Gochenaur's Estate, 11 Harris 460 ; Grabill *v.* Moyer, 9 Wright 584 ; Johnston *v.* Johnston, 7 Casey 452 ; Wesco's Appeal, 2 P. F. Smith 195.

If the money was reduced to possession by the husband before the Act of 1848, as found by the auditor, the note given by Ziegler to his wife in 1850 was voluntary, without legal consideration, and void as to creditors of David Ziegler : Gicker's Adm'rs *v.* Martin, 14 Wright 138.

[Ziegler's Appeal.]

Mr. Justice GORDON delivered the opinion of the court, June 18th 1877.

Where the wife of an insolvent debtor claims as a creditor, on distribution of the assigned estate, it is, doubtless, our duty to see that her claim is bona fide, and founded upon a good consideration ; but this having been affirmatively found and settled, she is to be treated in no other manner than as an ordinary creditor. From the auditor's report we learn that the claim of Mrs. Ziegler rests upon a note executed by her husband, David Ziegler, on the 1st of April 1874, which is the renewal of one dated some time in 1850. The consideration of this last-named note, as the auditor finds, was money received by the debtor prior to the year 1848, as part of the inheritance of the appellant from the estate of her father, Jacob Waybright. On turning to the evidence we find further, that the money thus received was an advancement by Waybright to his daughter, and intended expressly for her use ; and from the testimony of Ziegler we gather that, at or about the time he received this money, he told his wife he would use it and pay it back to her, and also, very soon after the death of his father-in-law, at her instance, he executed and delivered the note which forms the subject of the present controversy. This statement of the case renders it undistinguishable from the case of Moyer's Appeal, 27 P. F. Smith 482, wherein it is said (*per* Mr. Justice MERCUR) that declarations made by the husband, at the time of receiving the wife's money or choses in action, clearly indicative of an intent to treat them not as a personal acquisition, but for her use, are sufficient to establish the relation of trustee for the wife. The auditor finds, however, that David Ziegler is not worthy of credence, and hence there is no evidence of his intention to hold this money, so received by him, for her use. With some doubt as to this finding, we assume its correctness ; nevertheless there remain some facts, which we think govern this case. We have, first, the will of Jacob Waybright, in which we find it expressly set out that the money, which he had advanced, was intended for the sole use of his daughter, and then, as in recognition of the intention of the father, thus expressed, and very soon after his death, we have the execution of this note of August 3d 1850. Here certainly is a very clear and definite recognition by the husband of the wife's right, and one which he could not afterwards gainsay or avoid. As, however, it does not appear that he was, at that time, other than solvent, or that his estate was then not ample to sustain an allowance of that amount in favor of his wife, why is her claim not good ? It is true that Waybright's will did not and could not change the rights of the husband as to money which he had previously received and reduced to possession ; but that will, in connection with the acts of the husband, does show that he regarded that money as paid to him for his wife's use ; and as the rights of

[Ziegler's Appeal.]

no other parties then intervened to prevent the execution of that trust in her favor, and as he chose to recognise and execute it by the delivery of his note, we cannot understand how it can now be impeached by creditors who were not then in existence, and who could not, at that time, have been so much as anticipated. Indeed, as this note was executed since the Act of 1848, it matters little where the money came from which formed its consideration. Had it been raised from a gift of property by the husband to the wife, as there is no evidence that the amount was unreasonable or out of proportion to the balance of his estate, or that he was not at the time solvent, it would be perfectly valid and obligatory. We conclude therefore that Mrs. Ziegler's claim should have been admitted to a pro rata dividend with the claims of other creditors.

> Decree reversed at costs of appellees, and a redistribution is ordered according to the principles expressed in the above opinion.